# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL PETROLEUM PRODUCTS AND ADDITIVES COMPANY, INC., <br><br> Petitioner, <br><br> v. <br><br> BLACK GOLD S.A.R.L., <br><br> Respondent. | Case No. 4:19-cv-03004-YGR <br><br> [PROPOSED] JUDGMENT <br><br><br> Judge: Hon. Yvonne Gonzalez Rogers |

Having granted the motion to confirm the arbitration award entered by Arbitrator Mark Dosker on May 29, 2019 in arbitration no. 01-18-0001-9728, titled International Petroleum Products and Additives Company, Inc. v. Black Gold, S.A.R.L., Lorenzo Napoleoni, and Sofia Napoleoni, it is ORDERED, ADJUDGED, AND DECREED that

JUDGMENT SHALL BE ENTERED AS FOLLOWS:

1. Within thirty (30) days from entry of this judgment, Black Gold S.A.R.L. ("Black Gold") shall pay to International Petroleum Products and Additives Company, Inc. ("IPAC") the amount of $1,094,193.58.

2. A permanent injunction is hereby entered against Black Gold and in favor of IPAC according to the terms set forth in this paragraph:

Black Gold and any and all persons or entities acting in concert with it or in participation with it or in support of it or in combination with it or in collusion with it or in conspiracy

with it, whether as aiders, abettors, co-conspirators, agents, servants, employees or otherwise, are permanently enjoined from:

(a) Making, marketing or selling any product formulated or otherwise made using IPAC Confidential Information;

(b) Otherwise using IPAC Confidential Information;

(c) Disclosing to any other persons or entities any IPAC Confidential Information;

(d) Possessing any IPAC Confidential Information, other than Black Gold's arbitration counsel possessing a copy of materials produced in the arbitration underlying this judgment;

(e) To the extent, if any, not already enjoined above, taking any other action prior to January 1, 2024 that would violates Section 12 of the Sales Representative Agreement between IPAC and Black Gold; and

(f) To the extent, if any, not already enjoined above, taking any action at any time that would violate Section VIII.B. of the Exclusive Distributor Agreement between IPAC and Black Gold.

As used in this paragraph, "IPAC Confidential Information" is defined as set forth on page 11 of the FINAL AWARD in the arbitration underlying this judgment. *See* ECF No. 4-3.

3. IPAC is entitled to its reasonable attorneys' fees and costs for activities post-dating the arbitration award, including those related to petitioning this Court and responding to the motion briefed in this Court, subject to Local Rule 54.

IT IS SO ORDERED

Dated: November __18__, 2019

_____
Yvonne Gonzalez Rogers
United States District Judge