# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **INTERNATIONAL PETROLEUM PRODUCTS AND ADDITIVES COMPANY, INC.,**<br><br>Petitioner,<br><br>vs.<br><br>**BLACK GOLD S.A.R.L.,**<br><br>Respondent. | CASE NO. 19-cv-03004-YGR<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 76 |

Petitioner and judgment creditor International Petroleum Products and Additives Company, Inc. ("IPAC") brings the instant motion seeking relief from that portion of Magistrate Judge Robert M. Illman's order denying IPAC's request for fees and costs in connection with a motion to quash filed by respondent and judgment debtor Black Gold S.A.R.L. ("Black Gold"). IPAC further requests that Black Gold's counsel be held jointly and severally liable with Black Gold for any fees and costs ordered.

Black Gold filed the motion to quash a previous order from the magistrate judge directing certain persons to appear for a judgment debtor examination. Black Gold presented seven arguments in support of canceling and one argument in support of postponing the examination. Magistrate Judge Illman found Black Gold's arguments in support of canceling the hearing and vacating the previous order were "meritless and warrant[ed] no discussion," and thus, were denied. The magistrate judge further granted Black Gold's request to postpone the examination in light of the global pandemic and associated travel restrictions. Finally, Magistrate Judge Illman denied Black Gold's request for attorneys' fees and costs incurred in opposing the motion to quash.

On nondispositive matters, a magistrate judge's order is reviewed to ascertain whether it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The standard affords the magistrate judge significant deference. *United States v. Abonce-Barrera*, 257

1   F.3d 959, 968-69 (9th Cir. 2001).

2       IPAC asks the Court to impose sanctions in the form of fees and costs pursuant to
3   California Code of Civil Procedure ("CCP") section 2023.030. Section 2023.030 is part of the
4   Civil Discovery Act, CCP sections 2016.010, *et seq*. Pursuant to CCP section 2016.070, the Civil
5   Discovery Act applies to discovery aiding the enforcement of a money judgment only to the extent
6   provided in CCP sections 708.010 through 708.030. These sections provide for written
7   interrogatories and inspection demands to judgment debtors. They do not address judgment
8   debtor examinations, which are provided for in CCP section 708.110. Thus, the Court is not
9   persuaded that Magistrate Judge Illman's order was clearly erroneous or contrary to law insofar as
10  it denied sanctions based on Black Gold's attempt to quash the order regarding the judgment
11  debtor examination.

12      For the foregoing reasons, IPAC's motion for relief from that portion of Magistrate Judge
13  Illman's order denying IPAC's request for fees and costs is **DENIED**.

14  This Order terminates Docket Number 76.

15  **IT IS SO ORDERED.**

17  Dated: May 19, 2020

18                                       **YVONNE GONZALEZ ROGERS**
                                     **UNITED STATES DISTRICT COURT JUDGE**